

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2002

# USA v. Early

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2449

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Early" (2002). *2002 Decisions.* Paper 296.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/296

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-2449
_____

THE UNITED STATES OF AMERICA

vs.

DADAJI EARLY a/k/a DOD

Dadaji Early, Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 99-cr-00506-2)
District Judge:  The Honorable James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2002

BEFORE: NYGAARD, ALITO, and ROSENN, Circuit Judges.

(Filed:  May 21, 2002)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant, Dadaji Early, was convicted on one count of conspiracy in violation of 18 U.S.C.  371 and 9 counts of making false statements to federally licensed firearms dealers in violation of 18 U.S.C.  924(a)(1)(A).  He was sentenced to sixteen years of incarceration, to be followed by three years of supervised release.  He appeals, raising the issues listed below.  We affirm the conviction and sentence on issues one and three.  On the second issue, because the District Court's basis for its denial of Appellant's request for downward departure is not clear, we will vacate the sentence and remand this matter to the District Court for the specific purpose of permitting it to clarify its reasons for denying Appellant's motion for downward departure.

I.  ISSUES

1.  Was Appellant illegally sentenced when the Court found that Appellant was the leader of a conspiracy of more than five people, and was responsible for the purchase of thirty guns?

2.  Did the Court improperly refuse to consider Appellant's conditions of confinement as the basis for a downward departure?

3.  Did the Court improperly refuse to voir dire jurors on any prejudi to Appellant's Islamic faith?

II.  FACTS

Appellant, Dadaji Early, and Kenneth Johnson were charged, along with five others, with a conspiracy to obtain firearms through straw-man purchases.  Early and Johnson recruited people who had valid forms of Pennsylvania identification, and who had clean criminal records to purchase firearms for them.  They would escort the straw

purchasers to the gun stores, tell them which guns to buy, supply the money for the firearms purchases, and take possession of the firearms immediately after the purchases.

In furtherance of the conspiracy, Early and Johnson made at least nine straw purchases. Of the nine straw purchasers who testified, six of them directly implicated Appellant as one of the people for whom they purchased firearms. As a group, the straw purchasers testified that a total of thirty firearms were involved in the straw purchases. The firearms dealer, Charles Gallo, also testified that the Appellant and Johnson brought in two other individuals to purchase firearms.

The District Court, pursuant to U.S.S.G. 2K2.1(b)(1)(E), held Appellant responsible for purchasing all of the firearms in which he directly participated. Although this number included firearms that were not included in the indictment, it did not include any firearms purchased after Appellant was incarcerated. This enhanced Appellant's base offense level by five levels. The District Court also, pursuant to U.S.S.G. 3B1.1(a), found that Appellant was a "leader who used more than five individuals to purchase firearms for him" and increased his offense level by an additional four levels.

Early filed a motion seeking downward departure because of substandard conditions of pre-trial confinement at Passaic County Prison. The Court denied this motion.

### III. DISCUSSION

First, the District Court correctly applied the U.S.S.G. 2K2.1(b)(1)(E) and 3B1.1(a) enhancements. Under the Sentencing Guidelines, a defendant is responsible for his direct conduct and also the conduct of others, performed to further jointly undertaken criminal activity, if the conduct was reasonably foreseeable by the defendant. U.S.S.G. 1B1.3. The District Court, after finding, sua sponte, that Early withdrew from the conspiracy upon his arrest, held him accountable only for those guns in whose purchase he actually participated, despite the fact that the total number of guns purchased during the balance of the conspiracy was more than double that number. The evidence adduced at trial, which adequately supports the jury's verdict, was that Early and his co-conspirator, Kenneth Johnson, were the leaders and organizers of a scheme to obtain at least thirty firearms by using at least nine straw purchases. Appellant argues that the Court's reliance on this evidence was in violation of Apprendi. Appellant's argument fails because Apprendi has no application to a sentence determined by the guidelines which is within the statutory maximum sentence. See, e.g., United States v. Cepero, 224 F.3d 256, 267 n.5 (3d Cir. 2000); United States v. Williams, 235 F.3d 858, 862-64 (3d Cir. 2000). Here, Appellant's statutory maximum was 50 years and he was sentenced to only 16 years.

Second, the Appellant also argues that the District Court erred by failing to indicate whether its denial of Early's downward departure request was based on legal or discretionary grounds. The Government concurs that the record is not clear regarding the Court's basis for its denial of the request for downward departure and also requests that the matter be remanded to allow the District Court to specify why it denied the request for downward departure. We will "vacate the sentence and remand for the district court to clarify the basis for its ruling" on this ground. United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994) (we will not review a District Court's exercise of its discretion not to depart; however, where the record is unclear whether the grounds are legal or discretionary, we will vacate and remand for clarification).

Third, the District Court did not abuse its discretion when it refused to re-open voir dire and question the jury about its ability to be fair to Appellant irrespective of his religious beliefs. Trial courts are given a wide range of discretion in conducting voir dire and our review is under an abuse of discretion standard. Mu'Min v. Virginia, 500 U.S. 415 (1991); United States v. Tocco, 200 F.3d 401, 411 (6th Cir. 2000). Appellant's trial counsel made his request, for the first time, the day after the jury had been selected and the panel had been excused. There were no issues in the case relating to Appellant's religious beliefs. Thus, Early suffered no prejudice as a result of the Court's ruling and we find the District Court did not abuse its discretion in denying his request.

### IV. CONCLUSION

In sum, we will vacate the sentence and remand this matter to the District Court for the specific purpose of permitting it to clarify its reasons for denying Appellant's motion for downward departure. The judgment of conviction and sentence is affirmed in all other respects.

_____

TO THE CLERK:

      Please file the foregoing opinion.


                S/S Richard L. Nygaard
_____Circuit Judge